**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| CURTIS FULTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-79-RWS-JBB |
| | § | |
| BOWIE COUNTY SHERIFF | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Plaintiff Curtis Fulton, proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. The sole named Defendant is the Bowie County Sheriff's Department.

Plaintiff's original complaint described an incident in which Plaintiff suffered heatstroke while confined in the Bowie County Jail. *Id.* at 3. On July 1, 2025, the Magistrate Judge ordered Plaintiff to file an amended complaint setting out a short and plain statement of his claim and provided guidance by specifying that Plaintiff should: (1) set out a concise statement of each of his claims, together with the facts giving rise to the claims and the dates if known, including specific facts rather than conclusions; (2) identify the individuals or entities whom he wished to sue; (3) explain how each named defendant is involved in the facts forming the basis of the claim; (4) set out the harm suffered; and (5) set out the specific relief sought in the lawsuit. Docket No. 6. Plaintiff's amended complaint, filed July 22, 2025, again named the Bowie County Sheriff's Department as the sole defendant and described the heatstroke incident. Docket No. 9.

On July 29, 2025, the Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $3.00, in accordance with 28 U.S.C. § 1915(b). Docket No. 11. Plaintiff received a copy of this order on August 5, 2025, but has not complied, nor has he responded to this order in any way.

On October 30, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that the lawsuit be dismissed. Docket No. 13. The Magistrate Judge observed that Plaintiff failed to respond to the order directing payment of the initial partial filing fee and stated that the lawsuit could be dismissed for failure to prosecute or to obey an order of the Court. *Id.* at 2. However, the Magistrate Judge determined that the lawsuit failed to state a claim upon which relief may be granted because the sole named defendant, the Bowie County Sheriff's Department, is not a jural entity which can be sued in its own name because it is simply a sub-unit of Bowie County. *Id.* The Magistrate Judge also concluded that even if the lawsuit were construed as being against Bowie County itself, Plaintiff failed to state a claim because he did not allege, much less show, an official policy or custom, of which a policy-maker can be charged with actual or constructive knowledge, and a constitutional violation whose moving force was that policy or custom. *Id.* at 2; *see Ford v. Anderson County, Texas*, 102 F.4th 292, 319–320 (5th Cir. 2024); *Spiller v. City of Texas City Police Department*, 130 F.3d 162, 167 (5th Cir. 1997). Thus, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice.

Plaintiff sought and received an extension of time to file objections to the Report. On December 15, 2025, he filed a "notice" which the Court has construed as objections. Docket No. 18. Plaintiff states that on July 6, 2024, he suffered heatstroke while in the Bowie County Jail. *Id.* He says there were 17 other inmates in the cell with him, some of whom also suffered heat-related problems, but they did not want to file claims because they were afraid it would "mess with their time." *Id.*

Plaintiff says that the inmates did nothing wrong but the air conditioning was not working in that unit. *Id.* According to Plaintiff, he and other inmates, as well as the guards, complained about the heat for three days in a row. *Id.* When the guards came in, they would sit in the doorway with their sleeves and pant legs rolled up so they could get some air. *Id.* Plaintiff says that he cannot remember the guards' names, although he knew them when he first filed his lawsuit. *Id.* He did remember that a nurse named Woodside came and helped him and called the ambulance for him, but he had to wait three hours to go to the hospital in a van because the jail was short staffed. *Id.* Once he got to the hospital, he was given fluid in IV bags to "bring my body back to normal." *Id.*

Plaintiff says "I would like to sue Mr. O'Neal of the Bowie County Sheriff's Department," but does not explain who O'Neal is or how he was involved; his statement that he wishes to sue O'Neal is the only reference to this individual. *Id.* at 2. He says that a person named Marteneze was a maintenance helper at the time but Marteneze stopped working maintenance because as Plaintiff explains, "they tried to blame him for not reporting that the AC as not working on that unit, and he said he was not going to take the blame for that and stopped working maintenance and became a guard." *Id.* at 2.

Plaintiff's objections are without merit. Plaintiff's objections do not show any basis for claims against O'Neal or Marteneze, and he does not address the Magistrate Judge's conclusion that he cannot sue the Bowie County Sheriff's Department and has not set out a claim against Bowie County. Nor do his objections refer to the initial partial filing fee order.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review,

Page **3** of **4**

the Court has determined that the Report and Recommendation of the Magistrate Judge is correct

and the Plaintiff's objections are without merit.  Accordingly, it is

ORDERED that the Report and Recommendation of the Magistrate Judge (Docket No.

13) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action is DISMISSED WITHOUT PREJUDICE

for failure to state a claim upon which relief may be granted.  Plaintiff may refile his lawsuit, if he

wishes, upon identification of the persons responsible for the incident or a demonstration that Bowie

County itself should be liable as the Magistrate Judge explained.  Should Plaintiff refile his lawsuit,

he should follow the guidance provided by the Magistrate Judge in the order to amend in this case.

So ORDERED and SIGNED this 19th day of March, 2026.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE